IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV409-1-MU

| | |
|---|---|
| WIDTSOE T. BASTIAN,  ) | |
| ) | |
| Petitioner,  ) | |
| ) | |
| v.  ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Respondent.  ) | |
| _____) | |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, and Petitioner's Application to Proceed In Forma Pauperis, both filed September 21, 2006.

As an initial matter, a motion to vacate does not require a filing fee and therefore in forma pauperis status is not necessary to proceed with the case.

After thoroughly reviewing Petitioner's motion and the record in this case, and for the reasons stated herein, Petitioner's Motion to Vacate will be summarily denied and dismissed.

**PROCEDURAL HISTORY**

Petitioner was indicted in September 1999, in Reno, Nevada on thirteen counts relating to the operation of his venture capitol firm. In October 2001, Petitioner failed to appear for his trial in Nevada. On November 20, 2002, Petitioner was arrested in Charlotte, North Carolina. On January 21, 2003, pursuant to Rule 20 of the Federal Rules of Criminal Procedure, Petitioner's Nevada case was transferred to this district. On April 10, 2003, Petitioner entered "straight up"

pleas of guilty to both the Nevada Bill of Indictment and an April 8, 2003, Western District of North Carolina Bill of Information (adding a counterfeit claim). On March 17, 2004, this Court granted Petitioner's first counsel's motion to withdraw. On October 28, 2004, the Probation Department distributed Petitioner's pre-sentence report to both parties. On December 13, 2004, this Court granted Petitioner's second counsel's motion to withdraw. On November 1, 2005, this Court sentenced Petitioner to 144 months imprisonment. Judgment was entered on February 3, 2006. Petitioner did not directly appeal his conviction or sentence.

On September 25, 2006, Petitioner filed the instant motion to vacate asserting that his counsel was ineffective for failing to argue for a downward departure based upon atypical pre-sentence confinement.

## LEGAL ANALYSIS

I. **This Court Is Authorized to Promptly Review and Dismiss any § 2255 Motion Which Does Not Contain a Claim that Entitles the Petitioner to Relief.**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. In the event it is determined that the petitioner is not entitled to relief, the reviewing Court must dismiss the motion.

Following such directive, this Court has reviewed Petitioner's Motion to Vacate and the pertinent record evidence. As hereafter explained, such review clearly establishes that Petitioner is not entitled to any relief on his claims.

**II. Ineffective Assistance of Counsel**

Petitioner's contention that he received ineffective assistance of counsel is governed by the holding in Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1995). Petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

Moreover, a petitioner who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet. Hill v. Lockhart, 474 U.S. 52, 53-59 (1985). When a Petitioner challenges a conviction entered after a guilty plea, in order to establish the requisite prejudice, such a petitioner must show that "there is a reasonable probability that but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. ), cert. denied, 488 U.S. 843 (1988).

Petitioner argues that his counsel was ineffective for failing to argue that Petitioner should receive a downward departure based upon harsh pre-sentence confinement. More

specifically, Petitioner argues that his 36 month confinement[1] in the Mecklenburg County Jail warranted a downward departure pursuant to § 5K2.0 based upon the atypical length and nature of his confinement.  Petitioner asserts that his confinement in the Mecklenburg County Jail was not qualitatively different from any other typical jail but that confinement in any county jail is harsh compared to confinement in a federal facility.  In support of his argument that his counsel was ineffective for failing to argue for a downward departure, Petitioner cites to a 1996 Second Circuit and a 1998 Ninth Circuit case as well as a number of district court cases in other circuits.  Significantly, Petitioner cites to no Fourth Circuit precedent, and this Court is unaware of any existing Fourth Circuit precedent, to support his claim.

An attorney is not constitutionally deficient for failing to research law in other circuits. See United States v. Gregory, 30 Fed. Appx. 55 (4th Cir. 2002)(holding counsel not ineffective for failing to argue claim raised successfully in several other circuits);  cf. Kornaharens v. Evatt, 66 F.3d 1350, 1360 (4th Cir. 1995)(counsel not ineffective for failing to argue relevant issue that was under attack in the United States Supreme Court at the time of trial).  Because there was no law existing in the Fourth Circuit at the time of Petitioner's sentencing supporting Petitioner's argument that the conditions of a defendant's pre-trial confinement at a county jail warranted a downward departure, Petitioner's counsel was not ineffective for failing to argue for a downward departure on this basis.

---

[1] The Court notes that while the length of delay between Petitioner's arrest and his sentencing appears lengthy, a closer look at the record reveals that Petitioner experienced conflict with the first two defense counsel assigned to represent him and both were removed after hearings were conducted.   In addition, the record reveals that on February 2, 2005, Petitioner, through counsel, moved for a continuance of Petitioner's sentencing hearing that was scheduled for February 7, 2005.  In this motion, counsel stated that his recent appointment to the case, the legal and factual complexity of the case warranted the continuance.

Moreover, this Court notes for the record that even if Petitioner's counsel had made a motion for a downward departure based upon Petitioner's 36 month pre-sentencing confinement in the Mecklenburg County Jail, this Court would not have granted such a motion. The jail conditions as described by Petitioner himself are not sufficient to take his case out of the heartland of cases. As such, Petitioner was not prejudiced by the lack of such a motion.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Petitioner's Application to Proceed In Forma Pauperis is **DENIED as moot**; and

2. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DENIED** and **DISMISSED**.

Signed: October 10, 2006

Graham C. Mullen
United States District Judge